*177 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| Respondent, Kearney Soniat du Fossat Loughlin, seeks review of a decision of the disciplinary board imposing a public reprimand. For the reasons that follow, we dismiss the formal charges against respondent.
FACTS AND PROCEDURAL HISTORY
In 2007, respondent created a website to promote his law firm. Both the “home page” and the “firm profile” page of the website contained the following statement: “Loughlin & Loughlin is a plaintiff-oriented pure litigation firm specializing in maritime personal injury and death cases.” [Emphasis added.] In 2009, respondent requested that the website be taken down for revisions because his wife, ■with whom he had been practicing, left the private practice of law.
In October 2011, in connection with its investigation in an unrelated matter, the Office of Disciplinary Counsel (“ODC”) accessed a copy of the “firm profile” page of respondent’s former website through a Google search. After investigation, the ODC filed one count of formal charges, alleging respondent violated Rules 7.2(c)(1)(B) and 7.2(c)(5) as well as former Rule 7.4 (as it existed prior to 2009) by his claim on his former website that he “specialized” in maritime personal injury and death cases.[1]
12Respondent answered the formal charges and denied any misconduct. He contended that his former website did not claim a particular expertise or legal specialization, but rather used the term “specializing” in its ordinary meaning to convey that the focus of his law practice was maritime personal injury and death claims. Respondent later filed an amended answer asserting that the rules represented a content-based restriction on speech and are overly broad and vague, all in violation of the First, Fifth, and Fourteenth Amendments of the United States Constitutions and Article I, Sections 2 and 7 of the Louisiana Constitution.
The matter proceeded to a formal hearing. At the conclusion of the hearing, the hearing committee determined that the language on respondent’s website stated or implied that his firm was a “specialist” in maritime personal injury and death cases, although such a specialization has not been recognized or approved in accordance with the rules and procedures established by the Louisiana Board of Legal Specialization. Accordingly, the committee found respondent violated former Rule 7.4 during the 2007-2009 time period described above.
The committee determined respondent acted negligently in failing to make himself aware of and comply with Rule 7.4. However, it found there was no evidence of actual injury caused by respondent’s *178 violation, and little potential for injury was shown. Considering these factors, it recommended respondent be publicly reprimanded, and recommended that he be required to attend a continuing legal education program on lawyer advertising.
The disciplinary board affirmed the factual findings of the committee. Like the committee, it found no actual harm was caused by respondent’s actions and it concluded respondent’s actions were based “upon inexperience with the advertising rules rather than a dishonest or selfish motive.” Accordingly, the board ^ordered that respondent be publicly reprimanded. The board also directed respondent to attend a continuing legal education program on lawyer advertising.[2]
Respondent appealed the board’s ruling to this court. We issued an order directing the parties to file written briefs for our consideration.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
The record establishes respondent’s actions were not taken with a culpable mental state.[3] It is also undisputed his actions caused no harm to the public. Considering these factors, we do not find respondent’s actions rise to the level of sanctionable misconduct. Therefore, we will dismiss the formal charges against respondent.[4]
DECREE
Upon review of the findings and recommendation of the hearing committee and the disciplinary board, and considering the record and the briefs filed by the 14parties, it is ordered that the formal charges against respondent be and hereby are dismissed.
VICTORY, J., dissents and assigns reasons.

. Rules 7.2(c)(1)(B) and 7.2(c)(5) became effective on October 1, 2009. In response to respondent’s claim that his website predated the adoption of these rules, the ODC amended the charges to also allege a violation of Rule 7.4, as it existed prior to 2009.

. The board declined to reach respondent's constitutional arguments, finding insufficient evidence in the record to reach a conclusion on this issue.

. The ABA’s Standards for Imposing Lawyer Sanctions recognize three mental states. The most culpable mental state is that of intent, when the lawyer acts with the conscious objective or purpose to accomplish a particular result. The next most culpable mental state is that of knowledge, when the lawyer acts with conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result. The least culpable mental state is negligence, when a lawyer fails to heed a substantial risk that circumstances exist or that a result will follow, which failure is a deviation from the standard of care that a reasonable lawyer would exercise in the situation. In the instant case, we do not find respondent’s mental state rises to even the lowest level of culpability.

.Because we dismiss the formal charges, we do not reach respondent’s constitutional arguments.